UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

DONOVAN ROBERTS,

        Plaintiff,
vs.

SETERUS, INC.,

        Defendant.
_____/

## COMPLAINT

**COMES NOW,** the Plaintiff, DONOVAN ROBERTS, by and through undersigned counsel, and brings this action against the Defendant, SETERUS, INC. ("SETERUS") and as grounds thereof would allege as follows:

## INTRODUCTION

1.     This is an action brought by a consumer for Defendant's violation of the Real Estate Settlement Procedures Act, 12 U.S.C §§ 2601, *et seq.* ("RESPA"), and its implementing regulations, the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA"), and Florida Statutes §§ 559.55-559.785, known more commonly as the "Florida Consumer Collection Practices Act", ("FCCPA").

2.     The Consumer Financial Protection Bureau ("CFPB") is the primary regulatory agency authorized by Congress to supervise and enforce compliance of RESPA. The CFPB periodically issues and amends mortgage servicing rules under Regulation X, 12 C.F.R. § 1024, RESPA's implementing regulations.

3.     The FDCPA and FCCPA prevent debt collectors and persons, respectively, from engaging in abusive, deceptive, and unfair collection practices.

## JURISDICTION

4. Jurisdiction of this Court arises under 28 U.S.C. § 1331 because the Complaint alleges a federal claim and requires the resolution of substantial questions of federal law.

5. Moreover, this case is a civil action arising under the laws of the United States over which this Court has original jurisdiction under 28 U.S.C. § 1331.

6. Under 28 U.S.C. § 1367(a), this court has supplemental jurisdiction over Plaintiff's state law FCCPA claim in that it is so related to the federal FDCPA claims that they form part of the same case or controversy under Article III of the United States Constitution.

7. Venue in this District is proper because Plaintiff resides in Broward County, Florida, and this is the District where a "substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(2).

## PARTIES

8. At all times material hereto, Defendant, SETERUS was and is a foreign Corporation, incorporated under the laws of the State of Delaware, and lists its registered agent as CT Corporation System, 1200 S. Pine Island Road, Plantation, FL 33324.

9. At all times material hereto, SETERUS, is and was a loan servicer as the term is defined in 12 U.S.C. § 2605(i)(2) and 12 C.F.R. § 1024.2(b), that services the loan obligation secured by a mortgage upon Plaintiff's primary residence and principal dwelling, located at **** NW 89th Drive, Unit 303, Coral Springs, Florida 33065.

10. At all times relevant to this Complaint, SETERUS, was and is a "person" as said term is defined under Florida Statute §1.01(3), and is subject to the provisions of Fla. Stat. § 559.72 because said section applies to "any person" who collects or attempts to collect a consumer debt as defined in Fla. Stat. § 559.55(1).

11. At all times relevant to this Complaint, SETERUS, regularly collects or attempts to collect debts for other parties and is a "debt collector" as said term is defined under 15 U.S.C. §1692a(6) and Florida Statute §559.55(6).

12. At all times relevant to this Complaint, SETERUS, regularly uses the mail and telephone in a business for the purpose of collecting consumer debts.

13. At all times relevant to this Complaint, SETERUS, was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

14. Upon information and belief, the primary function of SETERUS's servicing business is to collect payment on mortgage accounts.

15. Upon information and belief, SETERUS, began servicing the subject loan after it was allegedly already in default.

16. Upon information and belief, SETERUS, was only hired as the servicer upon the disputed debt to attempt to collect upon the disputed debt.

17. The debt that Defendant sought to collect from Plaintiff is an alleged debt arising from transactions entered into primarily for personal, family or household purposes.

18. At all times relevant to this Complaint, Plaintiff, was and is a natural person, and is a "consumer" as that term is defined by 15 U.S.C. 1692(a)(3) and Florida Statutes §559.55(2), and/or a person with standing to bring a claim under the FDCPA and FCCPA by virtue of being directly affected by violations of the Acts.

19. At all times material hereto, the debt in question was a "debt" as said term is defined under 15 U.S.C. §1692a(5) and Florida Statute §559.55(1).

## **BACKGROUND AND GENERAL ALLEGATIONS**

20. The mortgage loan in question is a "federally related mortgage loan" as defined in 12 U.S.C. § 2602(1) and 12 C.F.R. § 1024.2(b) and referred to by SETERUS as loan number: ****9911 (herein after the "Mortgage Loan").

21. On August 17, 2014, SETERUS offered Plaintiff a permanent loan modification agreement ("Modification agreement").

22. On August 22, 2014, Plaintiff returned two original versions of an executed Modification agreement to SETERUS.

23. On September 17, 2014, SETERUS issued a monthly mortgage statement, which reflected the terms of the Modification agreement.

24. A true and correct copy of same is attached hereto as Exhibit "A".

25. The September 17, 2014, mortgage statement indicated that Plaintiff was current and owed $658.32 for principal, interest, and escrow. *See Exhibit "A"*.

26. On September 28, 2015, SETERUS returned a fully executed copy of the Modification agreement to Plaintiff.

27. Thereafter, on October 8, 2014, Plaintiff and Federal National Mortgage Association entered into an agreed order to dismiss the then pending foreclosure action against Plaintiff (the "Agreed Order").

28. A true and correct copy of same is attached hereto as Exhibit "B".

29. The Agreed Order states "All parties shall bear their own attorneys' fees and costs." *See Exhibit "B"*.

30. Plaintiff finally felt a sense of relief as his loan was permanently modified and his foreclosure action had been dismissed.

31. In direct contravention to the Modification agreement and the Agreed Order, SETERUS began charging Plaintiff for various fees and costs.

32. On October 19, 2014, SETERUS issued a mortgage statement charging Plaintiff $195.00 for a "PUBLICATION NOTICE C" dated October 10, 2014.

33. A true and correct copy of same is attached hereto as Exhibit "C".

34. SETERUS continued to impose charges to the Mortgage Loan notwithstanding the Modification agreement and the Agreed Order.

35. On April 23, 2015, SETERUS issued a mortgage statement showing that Plaintiff was current on his monthly payments, but that he owed $1,469.12 in "Total Charges".

36. A true and correct copy of same is attached hereto as Exhibit "D".

**NOTICE OF ERROR**

37. On May 26, 2015, Loan Lawyers, LLC, on behalf of Plaintiff, sent SETERUS a notice of error pursuant to 12 C.F.R. § 1024.35 (the "NOE"). SETERUS' counsel was copied on same.

38. A true and correct copy of same is attached as Exhibit "E".

39. The NOE deemed the charges imposed after the Modification agreement was entered into in error. The NOE asked SETERUS to correct the errors.

40. SETERUS was required to respond to the NOE within thirty (30) business days of receipt of the NOE pursuant to 12 C.F.R. § 1024.35(e)(3)(i)(C).

41. SETERUS failed to timely provide a response, thus, on July 21, 2015, Loan Lawyers, LLC, on behalf of Plaintiff, sent a follow-up correspondence to SETERUS informing them that a response had not been received. Plaintiff provided SETERUS an additional seven days to provide a response. SETERUS' counsel was copied on same.

42. A true and correct copy of same is attached hereto as Exhibit "F".

43. To date, SETERUS has failed to or refused to provide a response to the NOE.

## COUNT I –VIOLATION OF 12 U.S.C. § 2605(k)

44. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 43.

45. Section 6, Subsection (k) of RESPA states in relevant part:

> **(k) Servicer prohibitions**
> **(1) In general**
> A servicer of a federally related mortgage shall not--
> …
> **(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;
> **(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or
> **(E)** fail to comply with any other obligation found by the [CFPB], by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.

12 U.S.C. § 2605(k)(emphasis added)

46. Sections 1024.35 (Notice of Error) and 1024.36 (Request for Information) of Regulation X were both promulgated pursuant to Section 6 of RESPA and thus subject to RESPA's private right of action. *See 78 Fed. Reg. 10696,* 10714, FN. 64 (Feb. 14, 2013)("The [CFPB] notes that regulations established pursuant to section 6 of RESPA are subject to section 6(f) of RESPA, which provides borrowers a private right of action to enforce such regulations"). *See also 78 Fed. Reg.* at 10737, 10753 (the CFPB noting that Section 1024.35 and 1024.36 implement Section 6(k)(1)(C) and 6(k)(1)(D) respectively).

47. The CFPB's authority to prescribe such regulations under Section 2605(k)(1)(E), is stated in Section 2617 of RESPA: "The [CFPB] is authorized to prescribe such rules and

regulations, to make such interpretations, and to grant such reasonable exemptions for classes of transactions, as may be necessary to achieve the purposes of this chapter." 12 U.S.C. § 2617.

48.     SETERUS has failed to comply with 12 C.R.F. § 1024.35(e)(1) and 12 C.F.R. § 1024.35(e)(3)(i)(A) in that SETERUS did not provide a written response to a notice of error asserted under 12 C.F.R. § 1024.35(b) within the required timeframe. As such, SETERUS has violated 12 U.S.C. § 2605(k)(1)(C).

49.     Plaintiff has hired Loan Lawyers, LLC, for legal representation in this action and has agreed to pay a reasonable attorney's fee.

50.     Plaintiff is entitled to actual damages as a result of Defendant, SETERUS's failure to comply with Regulation X and RESPA, pursuant to 12 U.S.C. § 2605(f)(1)(A), including but not limited to: (1) photocopying costs and postage costs incurred in mailing Plaintiff's RFI; (2) $1,469.12 in false charges to the Mortgage Loan; and (3) photocopying costs, postage costs, and reasonable attorney's fees incurred as a result of having to send additional correspondences due to SETERUS's failure to respond to the NOE. *See* Almquist v. Nationstar Mortg., LLC, Case No 14-81178-CIV-RYSKAMP/HOPKINS at *5 (S.D. Fla 2014)(the Court finding that actual damages includes photocopying and postage costs, and attorneys' fees incurred as a result of loan servicer's noncompliance with REPSA); Burdick v. Bank of Am., N.A., No. 14-62137-CIV, 2015 WL 1780982 (S.D. Fla. 2015)(same); Russell v. Nationstar Mortg., LLC, 2015 WL 541893 (S.D. Fla. 2015)(same); McLean v. GMAC Mortg. Corp., 595 F.Supp.2d 1360, 1366 (S.D. Fla 2009)(same); Porciello v. Bank of America, N.A., 2015 WL 899942 (M.D. Fla. 2015)(same); Bryan v. Fed. Nat'l Mortg. Ass'n, 2014 WL 2988097 (M.D. Fla. 2014)(the court finding that the plaintiffs sufficiently alleged damages in the form of emotional distress, anxiety, embarrassment).

51. Plaintiff is entitled to statutory damages in an amount not greater than $2000 pursuant to 12 U.S.C. § 2605(f)(1)(B), as a result of SETERUS's pattern or practice of noncompliance with Regulation X and RESPA.

52. In this case alone, SETERUS has violated three (3) separate provisions of Regulation X and RESPA.

53. SETERUS has also failed to comply with Regulation X with respect to loan numbers: *****7637, ****7068, and ****7852.

54. Plaintiff is entitled to the costs of this action, together with a reasonable attorney's fee as determined by the court, pursuant to 12 U.S.C. § 2605(f)(3).

## COUNT II-VIOLATION OF FDCPA: 15 USC 1692e

55. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 43.

56. 15 U.S.C. §1692e states in part:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
> (2) The false representation of—
> (A) the character, amount, or legal status of any debt; or
> (B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

15 U.S.C. § 1692e

57. The charging of fees and costs to the Mortgage Loan after Plaintiff entered into a permanent loan modification and after the Agreed Order was entered is a false representation of the character and amount of a debt owed.

58. The charging of fees and costs to the Mortgage Loan after Plaintiff entered into a permanent loan modification and after the Agreed Order was entered is a deceptive means to collect a debt. SETERUS has attempted to back door its way to recover fees and costs from Plaintiff which would otherwise be unrecoverable.

59. Defendant, through its agents, representatives and/or employees acting within the scope of their authority violated 15 U.S.C. §1692e.

60. As a direct and proximate result of the violation of the FDCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to unlawful charges to Plaintiff's account, mental pain and shock, suffering, aggravation, humiliation and embarrassment.

61. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

62. As a result of the above violations of the FDCPA, pursuant to 15 U.S.C. §1692k, Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000, together with reasonable attorney's fees and court costs.

## COUNT III-VIOLATION OF FCCPA, FLORIDA STATUTES §559.72(9)

63. Plaintiff repeats, realleges and incorporates by reference paragraphs 1 through 43.

64. Florida Statutes § 559.72(9) states:

In collecting debts, no person shall:

(9) Claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate or assert the existence of some other legal right when such person knows that the right does not exist.

Florida Statutes § 559.72(9).

65. The charging of fees and costs to the Mortgage Loan after Plaintiff entered into a permanent loan modification and after the Agreed Order was entered is claim or attempt to enforce a debt which SETERUS knows is not legitimate. The Agreed Order specified that each party would bear their own fees and costs.

66. Defendant, through its agents, representatives and/or employees acting within the scope of their authority knowingly violated Florida Statutes §559.72(9).

67. As a direct and proximate result of the violation of the FCCPA by Defendant, Plaintiff has been damaged. The damages of Plaintiff include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

68. Plaintiff has hired Loan Lawyers, LLC, to represent him in this action and has agreed to pay a reasonable attorney's fee.

69. As a result of the above violations of the FCCPA, pursuant to Florida Statute §559.77(2), Plaintiff is entitled to recovery for actual damages, statutory damages of up to $1000 per violation, together with reasonable attorney's fees and court costs.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff, DONOVAN ROBERTS, respectfully asks this Court to enter an order granting judgment for the following:

(a) That SETERUS be required to remove all unlawful charges to the loan since September 2014;

(b) For actual damages, statutory damages, costs, and reasonable attorney's fees, pursuant to 12 U.S.C. § 2605(f), 15 U.S.C. § 1692k, and Florida Statutes § 559.77(2); and

(c) Such other relief to which this Honorable Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff, DONOVAN ROBERTS, hereby demands a trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Aaron Silver
Aaron Silvers, Esq.
Florida Bar No.: 104811
E-mail: asilvers@floridaloanlawyers.com
Yechezkel Rodal, Esq.
Florida Bar No.: 91210
E-mail: chezky@floridaloanlawyers.com
LOAN LAWYERS, LLC
*Attorneys for Plaintiff*
2150 S. Andrews Ave., 2nd Floor
Fort Lauderdale, FL 33316
Telephone:   (954) 523-4357
Facsimile:    (954) 581-2786